# EXHIBIT A

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.  19-035277

CIVIL DIVISION

INFINITY GLOBAL CONSULTING GROUP
INC., a Florida corporation, JOSEPH
VAZQUEZ III, an individual; and JOSEPH M.
VAZQUEZ III, derivatively, as a shareholder,
and on behalf of TRIMAX Corporation, a
Nevada corporation,

        Plaintiffs,

vs.

TILRAY INC., a Delaware corporation;
PRIVATEER HOLDINGS INC., a Delaware
corporation, LEFT COAST VENTURES, INC.,
a Delaware corporation, EKO HOLDINGS
LLC, a California limited liability company;
BRETT CUMMINGS, an individual, HUGO
SAAVEDRA, an individual; DEBRA
SAAVEDRA, an individual; and EQUITABLE
TRANSITIONS INC., a California corporation,

    Defendants.

**NOTICE OF FILING A NOTICE OF REMOVAL
BY DEFENDANTS TILRAY INC. AND PRIVATEER HOLDINGS INC. TO THE
UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Pursuant to 28 U.S.C. §1446(d), a Notice of Removal in reference to the above-captioned

case was filed in the United States District Court for the Southern District of Florida on

December 5, 2019. This Court may not proceed any further unless and until this case is

remanded.

A copy of the Notice of Removal (without exhibits) is attached hereto as Exhibit A.

Dated: December 5, 2019                    Respectfully Submitted,

                                           s/Brian W. Toth
                                           Brian W. Toth
                                           Florida Bar No. 57708
                                           btoth@gsgpa.com
                                           Freddy Funes
                                           Florida Bar No. 87932
                                           ffunes@gsgpa.com
                                           GELBER SCHACHTER & GREENBERG, P.A.
                                           1221 Brickell Avenue, Suite 2010
                                           Miami, Florida 33131
                                           Telephone: (305) 728-0950
                                           E-service: efilings@gsgpa.com

                                           *Counsel for Defendant Tilray, Inc. and Privateer
                                           Holdings, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2019, I electronically filed this document with the Florida

Courts e-Filing Portal, which will serve it by e-mail on all counsel on the Service List below.

                                           s/Brian W. Toth
                                           Brian W. Toth

## SERVICE LIST

Peter A. Gonzalez
PGonzalez@SMGQLAW.com
SANCHEZ-MEDINA, GONZALEZ, QUESADA,
LAGE, GOMEZ & MACHADO LLP
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Tele: 305-377-1000
Fax: 305-424-0237

*Counsel for Plaintiffs*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

```
---------------------------------------------------------------  x
INFINITY GLOBAL CONSULTING GROUP              :
INC., a Florida corporation, JOSEPH           :        Case No.:
VAZQUEZ III, an individual; and JOSEPH M.     :
VAZQUEZ III, derivatively, as a shareholder,  :
and on behalf of TRIMAX Corporation, a        :        Removed From:
Nevada corporation,                           :
                                              :        Circuit Court of the Eleventh
                       Plaintiffs,            :        Judicial Circuit in and for Miami-Dade
                                              :        County, Florida
             vs.                              :        Case No.:  19-035277
                                              :
TILRAY, INC., a Delaware corporation;         x
PRIVATEER HOLDINGS, INC., a Delaware
corporation, LEFT COAST VENTURES, INC.,
a Delaware corporation, EKO HOLDINGS LLC,
a California limited liability company; BRETT
CUMMINGS, an individual, HUGO
SAAVEDRA, an individual; DEBRA
SAAVEDRA, an individual; and EQUITABLE
TRANSITIONS INC., a California corporation,

                       Defendants.
---------------------------------------------------------------
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Tilray, Inc. ("Tilray") and

Privateer Holdings, Inc. ("Privateer") file this Notice of Removal ("Notice") and remove this

action from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  Removal is

based on diversity jurisdiction because complete diversity exists between Plaintiffs Infinity

Global Consulting Group and Joseph Vazquez III, individually and derivatively as a shareholder

of Plaintiff Trimax Corporation (collectively, "Plaintiffs"), on the one hand, and Defendants

Tilray, Privateer, Left Coast Ventures, Inc. ("Left Coast"), Eko Holdings LLC ("EKO"), Brett

Cummings, Hugo Saavedra, Debra Saavedra, and Equitable Transitions Inc. ("Equitable

Transitions") (collectively, "Defendants"), on the other, and the amount in controversy exceeds

$75,000.00.  In support of this Notice, Tilray and Privateer state as follows:

## Background

1.      On December 2, 2019, Plaintiffs filed this lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No. 19-035277) against Defendants, alleging claims for breach of fiduciary duty, fraudulent conveyance, conversion, intentional interference with contractual relations, negligent interference with prospective economic relations, aiding and abetting, and seeking emergency injunctive relief.  The Complaint is attached as **Exhibit A.**

2.      On December 4, 2019, Plaintiffs filed an Emergency Motion for Temporary Injunction, requesting an injunction preventing the closing of the merger between Tilray and Privateer.  Attached as **Exhibit B** is the Motion, pleadings, and filings from the Eleventh Judicial Circuit.

3.      On December 4, 2019, Plaintiffs also filed a "Notice of Acceptance of Service of Summons and Verified Complaint by Email," in which Plaintiffs state they served by email defendants Tilray, Left Coast, Eko, and Brett Cummings.

4.      All defendants that Plaintiffs claim to have served in this action (i.e., Tilray, Left Coast, Eko, and Brett Cummings) as well as defendant Privateer (collectively, the "Removing Defendants"), consent to this removal.  More specifically, defendants Tilray and Privateer are filing this Notice of Removal through the undersigned counsel, and defendants Left Coast, Eko, and Brett Cummings have confirmed their consent to this removal through their counsel, Thomas M. Geher of Jeffer Mangels Butler & Mitchell LLP.

## Removal Is Timely

5.      Plaintiffs claim to have served defendants Tilray, Left Coast, Eko, and Brett Cummings by email on December 4, 2019.  Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely.

6.     The United States District Court for the Southern District of Florida is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### Subject Matter Jurisdiction

7.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).  In accordance with 28 U.S.C. § 1446(b)(2)(A), and as set forth above, all Defendants who have been served with the Summons and Complaint consent to this removal.

### A. Amount In Controversy

8.     The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.  The Complaint states that Plaintiffs are "owed at least $93,382.00 … for past consulting services" and Plaintiffs intend "to seek more than $150 million in punitive damages against Privateer." *See* Compl. ¶¶ 41, 67.  Venue is proper in this Court because the state court matter is proceeding in Miami-Dade County, located in this judicial district.  28 U.S.C. § 1441(a).

### B. Diversity of Citizenship

9.     Diversity jurisdiction exists for two independent reasons.

10.     First, Plaintiffs are citizens of Florida and Nevada, whereas Defendants are citizens of California, Delaware, Washington, and/or Canada.

11.     Plaintiff Joseph M. Vazquez III is a citizen of Florida.  Compl. ¶ 24.  Plaintiff Infinity Consulting, Inc. is a Florida corporation with its principal place of business in Miami-Dade, Florida.  *Id.* ¶ 25.  And Trimax Corporation, which the Complaint appears to identify as a

plaintiff, is a Nevada corporation with its principal place of business in Carson City, Nevada. **Exhibit C.**

12.     Defendant Privateer is a Delaware corporation, *id.* ¶ 27, with its principal place of business in Seattle, Washington, **Exhibit D**.  Defendant Eko Holdings LLC is a California limited liability company, Compl. ¶ 27, with its principal place of business in Chatsworth, California, and its sole member-manager is a citizen of California, **Exhibit E.**  Defendant Left Coast Ventures, Inc. is a Delaware corporation, Compl. ¶ 28, with its principal place of business in Santa Rosa, California, **Exhibit F**.  Defendants Brett Cummings, Hugo Saavedra, and Debra Saavedra are citizens of California.  Compl. ¶¶ 30-32.  Defendant Equitable Transitions, Inc. is a California Corporation with its principal place of business in Los Angeles, California.  *Id.* ¶ 33. Defendant Tilray is a Delaware corporation with its principal place of business in British Columbia, Canada.  *Id.* ¶ 34.

13.     Because each plaintiff is diverse from each defendant, complete diversity of citizenship exists between Plaintiffs and Defendants.

14.     Second, although the Complaint is unclear, Plaintiff Vazquez appears to be attempting to bring a derivative action on behalf of Trimax.  Plaintiffs may attempt to avoid removal by arguing that Trimax is a plaintiff and a citizen of a state in which a defendant is a citizen.  But as confirmed by Trimax's President, Chief Executive Officer, and Director, Trimax is a citizen of only Nevada, *see* **Exhibit C**, and no defendant is a citizen of that state.

15.     Further, any such argument by Plaintiffs also fails under controlling Eleventh Circuit law.  When filing a derivative suit, a plaintiff must initially name the corporation as a defendant.  *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983).  "Once joined and present before the court, the corporation is then realigned, if necessary, according to its real interests."

*Id.* (citations omitted). Typically, a corporation is realigned as a plaintiff, as it stands to benefit from a successful suit. *Id.* But where, as here, "an actual controversy or real collision of interests between the parties" exists, this principle is modified. *Id.* Instead, the corporation should be aligned as "a defendant in a stockholder's derivative action whenever the corporate management is 'antagonistic' to the plaintiff shareholder." *Id.* "In other words, if the management of the corporation is actively aligned against the plaintiff shareholder and his lawsuit, then the shareholder and the corporation are actually on opposing sides of the controversy, and the corporation is properly named as a defendant." *Id.*; *see also Plunkett v. Poyner*, No. 08-60953-CIV-COHN, 2009 WL 5176542, at *3 (S.D. Fla. Dec. 22, 2009) ("Based on the allegations contained in the Complaint, this Court is satisfied that for purposes of deciding diversity jurisdiction, the Company, alleged to be controlled by Defendants, is antagonistic to the interests of Plaintiff and the other shareholders. … Therefore, for the purpose of deciding diversity jurisdiction, the Company is properly aligned as a defendant in this action.").

16. Here, it is clear from Plaintiffs' Complaint that corporate management is antagonistic to the plaintiff shareholder—Mr. Vazquez. Corporate management of Trimax consists of Defendant Hugo Saavedra, who is the President, Chief Executive Officer, and Director of Trimax, and Defendant Debra Saavedra, who is the Secretary of Trimax. **Exhibit C; Exhibit G**. It is the actions of these individuals with which Plaintiffs take issue. *See generally*, Compl. Plaintiffs allege that the Saavedras breached their fiduciary duties to Trimax by engaging in the transfer of the assets of Saavy Naturals. *Id*. ¶¶ 85-90. The management of Trimax is thus squarely *against* Plaintiff Vazquez. Accordingly, Trimax is considered a defendant for the purposes of determining diversity jurisdiction. Because Trimax is not a citizen of the same state as the true Plaintiffs (Florida), complete diversity of citizenship exists.

Case 1:19-cv-25019-XXXX Document 1 Entered on FLSD Docket 12/05/2019 Page 6 of 6

## Conclusion

17.     This Court has subject-matter jurisdiction in this action because (i) complete diversity of citizenship exists between the parties, and (ii) more than the $75,000.00 jurisdictional threshold is at issue.  Accordingly, as the state court lawsuit that is pending in the Eleventh Judicial Circuit for Miami-Dade County, Florida, Defendants Privateer and Tilray together with the consent of the remaining Removing Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Southern District of Florida.

18.     Immediately following this Notice, Defendants Privateer and Tilray will file a copy of this Notice with the Eleventh Judicial Circuit.

Dated: December 5, 2019                    Respectfully Submitted,

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@gsgpa.com
Freddy Funes
Florida Bar No. 87932
ffunes@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

John A. Goldmark (*pro hac vice* forthcoming)
Lauren Rainwater (*pro hac vice* forthcoming)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel:  (206) 622-3150

*Counsel for Defendant Tilray, Inc. and Privateer Holdings, Inc.*