UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25019-ALTONAGA/Goodman

INFINITY GLOBAL CONSULTING
GROUP, INC., et al.,

        Plaintiffs,

v.

TILRAY, INC., et al.,

        Defendants.
_____/

**TILRAY, INC. AND PRIVATEER HOLDINGS, INC.'S REMOVAL STATUS REPORT**

In accordance with the Court's Notice of Court Practice in Removal Cases (ECF No. 3) Defendants Tilray, Inc. ("Tilray") and Privateer Holdings, Inc. ("Privateer") file this Removal Status Report.

**(1) A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought:**

On December 2, 2019, Plaintiffs filed a complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Infinity Global Consulting Group, Inc., et al. v. Tilray, Inc., et al.*, Case No. 19-035277. Plaintiffs Infinity Global Consulting Group, Inc. ("Infinity") and Joseph Vazquez III, individually and derivatively as a shareholder of Plaintiff Trimax Corporation (collectively, "Plaintiffs"), brought claims for breach of fiduciary duty, fraudulent conveyance, conversion, intentional interference with contractual relations, negligent interference with prospective economic relations, aiding and abetting, and seeking emergency injunctive relief. Plaintiffs allege that Defendants Left Coast Ventures, Inc., Brett Cummings (purportedly acting on behalf of Privateer), Hugo Saavedra, and Debra Saavedra engaged in an

unlawful scheme to acquire the assets of Trimax Corporation through the transfer of assets to Defendant Eko Holdings, LLC. Plaintiffs allege Equitable Transitions, Inc. breached its fiduciary duty to Trimax in its valuation of Trimax's assets. Infinity claims that, as a result of these actions, it has not been paid consulting fees and its reputation has been damaged. Plaintiffs also claim that, as a result of these actions, the shares of Trimax are now worthless. Plaintiffs do not allege any wrongdoing by Tilray, but included it as a defendant solely for the purpose of seeking an injunction to block the merger of Tilray and Privateer. *See* Compl. ¶¶ 34–35. Because that merger closed on December 12, 2019, *see* TILRAY, INC. COMPLETES MERGER WITH PRIVATEER HOLDINGS, INC. (available at, https://www.tilray.com/tilraynews-master/2019/12/13/tilray-inc-completes-merger-with-privateer-holdings-inc), Plaintiffs' request for injunctive relief is moot and Tilray should be dismissed as a defendant.

**(2) A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim:**

Tilray and Privateer removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00. *See* ECF No. 1. The following sets forth the parties to the action, and their respective citizenship for diversity purposes:

- Plaintiff Infinity Global Consulting Group, Inc. (Florida)

- Plaintiff Joseph Vazquez III, individually (Florida)

- Joseph Vazquez III, derivatively as a shareholder of "Defendant" Trimax Corporation (Nevada)[1]

- Defendant Tilray, Inc. (Delaware and Washington)

- Defendant Privateer Holdings, Inc. (Delaware and Washington)

2

4816-3508-3695, v. 1

- Defendant Left Coast Ventures, Inc. (Delaware and California)
- Defendant Eko Holdings LLC (Delaware and California)
- Defendant Brett Cummings (California)
- Defendant Hugo Saavedra (California)
- Defendant Debra Saavedra (California)
- Defendant Equitable Transitions, Inc. (California)

**(3) A list of all pending motions:**

On December 4, 2019, Plaintiffs filed in state court an Emergency Motion for Temporary Injunction, seeking to prevent the closing of the merger between Tilray and Privateer and claiming Plaintiffs would be unable to recover on any judgment against Privateer if the merger occurred. As explained above, the merger of Tilray and Privateer closed on December 12, 2019, rendering Plaintiffs' motion for an injunction moot.

**(4) A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal:**

Tilray and Privateer, with the consent of Defendants Left Coast Ventures, Inc. ("Left Coast"), Eko Holdings, LLC ("Eko"), and Brett Cummings (collectively, the "Removing Defendants"), removed the action to this Court. It appears no defendant was properly served before removal, so Tilray and Privateer did not require the consent of any other defendant to remove. *See* 28 U.S.C. § 1446. While Plaintiffs purported to serve Defendants Tilray, Left Coast, Eko, and Cummings via email, ECF No. 1-2 at 32, those defendants agreed to accept service via email of a *California* complaint—not the Florida complaint at issue here, and did so pursuant to a specific provision of the California Code of Civil Procedure. Accordingly, these

---

[1] As explained in Notice of Removal (ECF No. 1 ¶¶ 15–16), Trimax is aligned as a defendant for diversity purposes.

defendants maintain that they have not been properly served. Regardless, the Removing Defendants all joined in and consented to the removal.

According to the record, Plaintiffs have not served Defendants Hugo Saavedra, Debra Saavedra, or Equitable Transitions, so their consent was not required for removal.

**(5) A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant(s), if such initial pleading has then been filed in court and is not required to be served on the Defendant(s) in the action:**

Plaintiffs purported to serve Tilray, Left Coast, Eko, and Cummings by email on December 4, 2019. *See* ECF No. 1-2 at 32. Tilray and Privateer filed the Notice of Removal on December 5, 2019, within thirty days of the purported service of Tilray. Removal was timely. Plaintiffs have not served Privateer. Thus, removal by Privateer was timely.

Finally, Tilray and Privateer filed with the Notice of Removal copies of all records in the state-court proceeding. *See* ECF No. 1-1 to 1-2.

Dated: December 16, 2019    Respectfully Submitted,

s/John A. Goldmark
John A. Goldmark (admitted *pro hac vice*)
Lauren Rainwater (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@gsgpa.com
Freddy Funes
Florida Bar No. 87932
ffunes@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950

*Counsel for Defendants Tilray, Inc. and Privateer Holdings, Inc.*