UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-CV-25019-ALTONAGA/Goodman

INFINITY GLOBAL CONSULTING GROUP,
INC., JOSEPH M. VAZQUEZ III, and
JOSEPH M.  VAZQUEZ III, derivatively, as a shareholder,
and on behalf of, TRIMAX Corporation,

    *Plaintiffs,*

vs.

TILRAY INC., PRIVATEER HOLDINGS INC.,
LEFT COAST VENTURES, INC.,
EKO HOLDINGS LLC, BRETT CUMMINGS,
HUGO  SAAVEDRA,  DEBRA  SAAVEDRA,  and
EQUITABLE TRANSITIONS INC.,

    *Defendants.*
_____/

**PLAINTIFFS' MOTION FOR RECUSAL OR DISQUALIFICATION
OF U.S. DISTRICT COURT JUDGE CECILIA M. ALTONAGA**

The Plaintiffs, INFINITY GLOBAL CONSULTING GROUP, INC. ("Infinity"), JOSEPH M. VAZQUEZ III ("Vazquez"), and JOSEPH M. VAZQUEZ III, derivatively, as a shareholder, and on behalf of TRIMAX Corporation (collectively with Infinity and Vazquez, the "Plaintiffs"), pursuant to Fla. Stat. 38.10 and Rule 2.330, Fla. R. Jud. Admin., by and through their undersigned counsel, hereby file this motion for recusal or disqualification of the Honorable Cecilia M. Altonaga, and in support thereof states as follows:

**A. <u>Introduction</u>**

1.    By this motion, Plaintiffs seek to disqualify the Honorable Cecilia M. Altonaga from acting as the trial judge in the above-referenced case because the Plaintiffs have a fear that they will not receive a fair trial in this court or otherwise be fairly treated with impartiality on account of possible prejudice of Judge Altonaga against them or in favor of the defendants, TILRAY INC. ("Tilray"), PRIVATEER HOLDINGS INC. ("Privateer"), LEFT COAST

VENTURES, INC. ("Left Coast"), EKO HOLDINGS LLC ("EKO"), BRETT CUMMINGS ("Cummings"), HUGO SAAVEDRA ("Hugo"), DEBRA SAAVEDRA ("Debra"), and EQUITABLE TRANSITIONS INC. ("Equitable Transitions" or collectively with Tilray, Privateer, Left Coast and Eko, the "Defendants"), and counsel for Defendants Tilray and Privateer, Brian W. Toth ("Mr. Toth") and Freddy Funes ("Mr. Funes"), of Gelber Schachter & Greenberg, P.A. (Mr. Toth and Mr. Funes, together with their law firm, are collectively referred to as "Tilray and Privateer's Counsel" or the "Law Firm").

2. On December 5, 2019, defendants Tilray and Privateer, through their counsel, Mr. Toth and Mr. Funes, filed their Notice of Removal of this action originally filed in Miami-Dade County Circuit Court on December 2, 2019. See Plaintiffs' Verified Complaint attached as Exhibit A to the Notice of Removal [DE 1-1]. Defendants Left Coast, EKO and Cummings consented to the removal to this Court. [DE 1 ¶4].

3. On December 6, 2019, Mr. Toth and Mr. Funes filed their Notice of Appearance [DE 6] as counsel for defendants Tilray and Privateer.

4. During a December 12, 2019 conference call with counsel for defendants Tilray and Privateer, Plaintiffs' undersigned counsel discovered that Mr. Toth worked closely with Judge Altonaga as a law clerk for over a year from May 2009 through June 2010, which is confirmed by Mr. Toth's law firm's website attorney profile and Mr. Toth's Linkedin profile (which website content Plaintiffs and their counsel learned of shortly before the December 12 teleconference). Copies of Mr. Toth's law firm's website attorney profile and Mr. Toth's Linkedin profile are attached hereto as **Composite Exhibit A** and incorporated herein by this reference.

5. On December 13, 2019, Mr. Toth emailed Plaintiffs' undersigned counsel stating that "Because there is no objective reasonable basis to suggest that my having clerked for Judge Altonaga in May 2009--June 2010 makes this a proceeding in which her impartiality might reasonably be questioned, we oppose your clients' request to disqualify her from this case."

6. Plaintiffs' undersigned counsel responded via email to Mr. Toth on December 17, 2019, stating:

> Brian,
>
> Your opinion that there is no objectively reasonable basis to suggest that you having clerked for Judge Altonaga for over a year cannot bring Judge Altonaga's impartiality into question is noted. However, I don't believe you have fully and accurately stated the legal standard for disqualification or recusal of a judge.
>
> Judge Altonaga is an excellent U.S. District Court Judge. Personally, I'm not questioning her impartiality in this case (or in any other matter). That's not the issue. My feelings are not relevant. It is also not a question of how you or the judge feel; it is a question of what feeling resides in my client's mind and the basis for such feeling. *Livingston v. State*, 441 So.2d 1083, 1086 (Fla. 1983) *quoting State ex rel. Brown v. Dewell*, 131 Fla. 566, 179 So. 695, 697-98 (1938).
>
> A quick Google search of your name and Judge Altonaga's name popped up several links that make reference to both of you and your former professional relationship. Naturally, this concerns my client, Joseph Vazquez. It would reasonably concern any litigant in any case to learn that the lawyer for the opposing parties spent over a year clerking for the very judge who will preside over the litigant's case and make critically important decisions that will impact the litigants' rights, claims, and financial condition.
>
> In light of your connection with Judge Altonaga in having clerked for her for over a year, my client, Mr. Vazquez, personally and as the corporate representative of Infinity Global Consulting Group, Inc., has serious concerns that Judge Altonaga may not be able to be impartial and may perhaps even prejudge aspects of this case. *In Re McMillan*, 797 So.2d 560 (Fla. 2001) (The impartiality of the trial judge must be beyond question). If my client has a reasonable fear that neutrality in this cause is in doubt and is

convinced that he will not receive a fair trial from Judge Altonaga, then that may be sufficient. *State v. Steele*, 348 So.2d 398 (Fla. 3rd DCA 1977) (No judge under any circumstances is warranted in sitting in trial of cause whose neutrality is shadowed or even questioned).

My understanding of the law is that all doubts whether a judge's impartiality might be reasonably questioned by others must be resolved in favor of disqualification. *U.S. v. Craig*, 875 F.Supp. 816 (U.S. Dist. Ct., S.D. Fla. 1994).

Of course, your stated opposition to having a different judge preside over this case only raises additional concerns for my client. My primary concern is my client, and I want my client to feel secure that there is no connection between the court and counsel that in my client's mind may compromise the integrity of the judicial process or give the appearance that impartiality may be or become an issue.

For example, my client was curious to learn (1) how you obtained your clerkship with Judge Altonaga; (2) whether you had a previous connection to or relationship with Judge Altonaga before you began clerking for her; (3) how often would you interact with Judge Altonaga during the over one year period when you clerked for her (and after clerking for her); (4) would you have lunch or dinner or otherwise socialize with Judge Altonaga during and since the end of your clerkship; (5) would you socialize with Judge Altonaga outside of the work environment during or since your clerkship; (6) did spouses or significant others or other family members of you and Judge Altonaga ever spend time together socially during or since your clerkship; (7) are both of you members of any organizations where you have interacted during or since the time of your clerkship; (8) do you have Judge Altonaga's cell phone number or personal email address; (9) does Judge Altonaga have your cell phone number or personal email address; (10) have you ever been to Judge Altonaga's home or has she visited your home; (11) have you interacted with Judge Altonaga or she with you on any social media; (12) has Judge Altonaga or anyone from her chambers or staff ever referred you a case or recommended you as a lawyer to a potential client; as concerns Judge Altonaga's current staff, what's the response to the questions or concerns in 1 through 12 above.

These 13 items are among the various questions, issues and concerns that my client has raised after learning of your connection to Judge Altonaga, and it's not surprising. Indeed, it would only

4

>be surprising if my client had zero questions and concerns after learning of your history with and ties to Judge Altonaga. Perhaps if you respond to each of the 13 questions/concerns outlined above, I can then have a conversation with my client regarding your responses. That may be helpful in resolving this pending issue.
>
>Please reconsider your opposition to switching to a different judge. It may avoid the time, trouble and expense related to litigating the disqualification question.
>
>Thank you for your anticipated cooperation in at least thinking about reconsidering your current position. At your earliest opportunity, please let me know if you have a change of heart.
>
>Sincerely,
>**PETER A. GONZÁLEZ**

7.    After Mr. Toth failed and refused to answer any of the 13 questions or concerns identified in the December 17, 2019 email to Mr. Toth, on December 19, 2019, Plaintiffs' undersigned counsel again emailed Mr. Toth requesting his responses to the 13 items identified in the December 17, 2019 email to Mr. Toth, requesting that Mr. Toth respond to the 13 questions and concerns by no later than December 23, 2019 in an effort to avoid litigation. At Plaintiffs' specific request, Plaintiffs' undersigned counsel also sent a second email to Mr. Toth on December 19, 2019 requesting that Mr. Toth answer additional questions regarding whether he had ever given, received and/or exchanged gifts and/or greeting cards with Judge Altonaga. Plaintiffs' undersigned counsel has received no response from Mr. Toth to any of the Plaintiffs' questions regarding Mr. Toth's professional and/or personal relationship with Judge Altonaga as of the date of this filing. A copy of the emails exchanged between Mr. Toth and Plaintiffs' undersigned counsel regarding the disqualification question are attached hereto as **Composite Exhibit B** and incorporated herein by this reference.

8.    On January 5, 2020, Plaintiffs learned that Mr. Toth had not answered any of the questions and concerns raised by the Plaintiffs in both the December 17 and December 19 emails

to Mr. Toth, despite being given over ten (10) business days to respond because of the intervening Christmas, Hanukah and New Year's holidays.

9. On January 6, 2020, Plaintiffs also learned that not only did Mr. Toth serve as a law clerk for Judge Altonaga yet refused to answer any of the over one dozen reasonable questions and concerns of Plaintiffs regarding Mr. Toth's history and relationship with Judge Altonaga, but that since his clerkship with Judge Altonaga, Mr. Toth has continued his professional, and potentially personal friendship, with Judge Altonaga as reflected by the attached Daily Business Review's Judicial Holiday Party online flyer (the "DBR Party Flyer"), a copy of which is attached hereto as **Exhibit C** and incorporated herein by this reference. The DBR Party Flyer evidences that on December 10, 2015, at least five (5) years after Mr. Toth concluded his clerkship with Judge Altonaga, Mr. Toth moderated the Daily Business Review's Judicial Holiday Party event titled "An Evening of Drinks, Cheer, Friends and Laughs" which included as a panelist, Judge Altonaga along with the Magistrate in this case, the Honorable Jonathan Goodman. The DBR Party Flyer has cemented the grounds upon which Plaintiffs have requested that their undersigned counsel file this recusal motion. The DBR Party Flyer adds to Plaintiffs' reasonable fear that Mr. Toth and Judge Altonaga have continued to maintain a close relationship and friendship that may impact the court's impartiality in this case. Mr. Toth's ongoing refusal to answer any of the fifteen questions and concerns raised by Plaintiffs in writing has also increased Plaintiffs' well-grounded fears and solidified Plaintiffs' decision to file this instant recusal motion.

10. In light of the foregoing, Plaintiffs fear that Judge Altonaga is not impartial, may favor Mr. Toth and/or the Defendants that Mr. Toth represents in this case, and may prejudge issues or the merits of this case. *In Re McMillan*, 797 So.2d 560 (Fla. 2001) (The impartiality of

6

the trial judge must be beyond question). Based on the facts stated herein, Plaintiffs have a well-founded fear that they will not receive a fair trial in this court on account of Judge Altonaga's potential bias in favor of Mr. Toth or his clients, Defendants Tilray and Privateer, or possible prejudice against the Plaintiffs as a result of Judge Altonaga's relationship and prior close working connection with Mr. Toth.

11. As indicated in the declaration of Plaintiffs, Vazquez, individually, and as a corporate representative of the Plaintiff entities, has a reasonable fear that neutrality in this cause is in serious doubt and is convinced that Plaintiffs will not and cannot receive a fair trial from Judge Altonaga ("Plaintiffs' Declaration"). A copy of Plaintiffs' Declaration is attached hereto as **Exhibit D** and is incorporated herein by this reference. Plaintiffs' Declaration leaves no doubt that the facts Plaintiffs have learned regarding Mr. Toth's history and close ties with Judge Altonaga has caused Plaintiffs to believe and feel that Judge Altonaga is not impartial in this case. Mr. Toth's clerkship with Judge Altonaga was the first of several facts that have led to the preparation and filing of this recusal motion,, and which form the reasonable bases for Plaintiffs to question the impartiality of this Court.

### B. Florida Law on Disqualification of a Judge

12. Plaintiffs have a reasonable basis to question the impartiality of Judge Altonaga in light of Mr. Toth's clerkship with Judge Altonaga. All doubts whether a judge's impartiality might be reasonably questioned by others must be resolved in favor of disqualification. *U.S. v. Craig*, 875 F.Supp. 816 (S.D. Fla. 1994).

13. Section, §38.10, Fla. Stat., regarding disqualification of a judge for prejudice, states:

> Whenever a party to any action or proceeding makes and files an affidavit stating fear that he or she will not receive a fair trial in the court where the suit is pending

on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.

14. Fla. R. Jud. Admin., Rule 2.330(c), titled "Disqualification of Trial Judges" states that a motion to disqualify shall:

(1) be in writing;
(2) allege specifically the facts and reasons upon which the movant relies as the grounds for disqualification;
(3) be sworn by the party by signing the motion under oath or by a separate affidavit; and
(4) include the dates of all previously granted motions to disqualify filed under this rule in the case and the dates of the orders granting those motions.

The attorney for the party moving to disqualify the judge shall also certify that the motion and the client's statements are made in good faith.

15. Pursuant to Fla. R. Jud. Admin., Rule 2.330(d)(1), a motion to disqualify shall show "that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Pursuant to Fla. R. Jud. Admin., Rule 2.330(e), a motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling. Pursuant to Fla. R. Jud. Admin., Rule 2.330(f), this motion must be ruled on before any other matter, and must be granted upon a finding that the motion is legally sufficient.

16. A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. *Valdes-Fauli v. Valdes-Fauli,* 903 So.2d 214 (Fla. 3d DCA 2005). Facts alleged in

a motion to disqualify a judge need only show well-grounded fear that movant will not receive fair trial at hands of judge. *MacKenzie v. Super Kids Bargain Store*, 565 So.1332 (Fla. 1990); §38.10, Fla. Stat.  Plaintiffs have satisfied this burden in this instant recusal motion.

17.     When a party seeks to disqualify a judge for prejudice, the allegations must be taken as true and the judge cannot pass on truth of the statement of facts set forth in affidavit. *Brown v. St. George Island, Ltd.*, 561 So.2d 253 (Fla. 1990); *Fla. Stat.* §38.10; *See* also, *Cave v. State*, 660 So.2d 705 (Fla. 1995). "While a trial judge may form mental impressions and opinions during the course of the case, the judge is not permitted to pre-judge the case."  *Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Assoc., Inc.,* 153 So.3d 384 (Fla. 3d DCA 2014) (quoting *Kates v. Seidenman,* 881 So.2d 56, 58 (Fla. 4th DCA 2004); *see also Minaya v. State,* 118 So.3d 926, 929 (Fla. 5th DCA 2013).

18.     A trial judge may be disqualified because of prejudice towards an attorney if the prejudice is of such a degree that it adversely affects the client. *Livingston v. State,* 441 So.2d 1083, 1087 (Fla. 1983) (prejudice against a party's attorney can be as detrimental to the interests of that party as prejudice against the party itself. What is important is the party's reasonable belief concerning his or her ability to obtain a fair trial). It is not a question of how the judge actually feels, but rather what feeling resides in the affiant's mind and the basis for such feeling. *Wargo v. Wargo,* 669 So.2d 1123 (Fla. 4th DCA 1996); *see also Shore Mariner Condo. Ass'n v. Antonious,* 722 So.2d 247, 248 (Fla. 2d DCA 1998) ("Trial judges must studiously avoid the appearance of favoring one party in a lawsuit, and suggesting to counsel or a party how to proceed strategically constitutes a breach of this principle."); *Bank of America, N.A. v. Atkin,* 2018 WL 6595138 *4 (Fla. 3d DCA December 14, 2018).

19. Here, based on Plaintiffs' reasonable belief that Judge Altonaga may favor Mr. Toth and may prejudice the Plaintiffs, this motion should be granted. *See McQueen v. Roye,* 785 So.2d 512, 514 (Fla. 3d DCA 2000) (recusal appropriate where one of the parties or their counsel had dealings with a relative of the court, or whenever a modicum of reason suggests that a judge's prejudice may bar a party from having his or her day in court); *Mulligan v. Mulligan,* 877 So.2d 791 (Fla. 4th DCA 2004) (husband's motion to disqualify judge from dissolution proceedings was legally sufficient, and thus judge was required to enter order granting disqualification; judge's actions created reasonable fear that he would not be objective, in that judge did not disclose[1] his friendship with wife's attorney to husband and, in prior unrelated family law case, sent letter to one party's attorney indicating his friendship with the other party's attorney, who later represented wife, and granted first party's subsequent motion to recuse judge).

20. See also *Dell v. Dell,* 829 So.2d 969 (Fla. 4th DCA 2002) (disqualification of trial judge was warranted in dissolution action where attorney served as one of six members of the judge's re-election committee, which was engaged in an ongoing campaign seeking the judge's re-election while the dissolution action was pending); *Domville v. State*, 103 So.3d 184 (Fla. 4th DCA 2012) (allegations in motion to disqualify that trial judge was a social networking website "friend" of the prosecutor assigned to his case, were sufficient to create the impression in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial, and thus, the motion to disqualify was legally sufficient to require disqualification). Thus, pursuant to Florida law, Plaintiffs have a reasonable and legally sufficient basis for the granting of this

---

[1] On January 6, 2020, Plaintiff Mr. Vazquez asked his undersigned counsel if Judge Altonaga had disclosed the court's history and relationship with its former law clerk, Mr. Toth, and Mr. Vazquez was advised that no such disclosure from the court had been received by Plaintiffs' undersigned counsel. After learning this fact, Plaintiffs instructed their counsel to file this motion today, January 6, 2020.

motion as Plaintiffs have a well-founded fear of not receiving a fair and impartial trial in this case.

21. Furthermore, Canon 3E(1) of the Florida Code of Judicial Conduct states:

"A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned…

The Commentary to Canon 3E(1) provides in pertinent part:

A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes that there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis.[2]

*Stevens v. Americana Healthcare Corp. of Naples,* 919 So.2d 713 (Fla. 2nd DCA 2006); *See Pool Water Products, Inc. v. Pools by L.S. Rule,* 612 So.2d 705 (Fla. 4th DCA 1993), where because the judge announced that he knew one of the parties because his parents had been close friends of that party's parents and the opposing party moved to recuse, the judge was duty bound to recusal if one of the parties requested it. Here, as Plaintiffs have requested Judge Altonaga's recusal based upon facts that, in accordance with Florida law, reasonably raise serious concerns in the minds of the Plaintiffs, the Plaintiffs' motion should be granted.

22. Based on the incontestable facts presented in this disqualification motion, the facts contained in the Declaration of Plaintiffs forming part of this motion, and applicable Florida law on recusal and disqualification of judges, this motion is legally sufficient and should be granted.

---

[2] This section of the Commentary to Canon 3E(1) of the Florida Code of Judicial Conduct was provided to Plaintiffs on January 6, 2020, and in response the Plaintiffs requested that this recusal motion be filed without delay today, January 6, 2020.

WHEREFORE, based upon the facts, reasons, affidavit and legal authority set forth above, Plaintiffs respectfully request the recusal or disqualification of Judge Cecilia M. Altonaga from this case, and that this case be reassigned to another division of this court, and grant all other relief in favor of Plaintiffs that may be just and proper under the circumstances.

### CERTIFICATE OF COUNSEL PURSUANT TO FLA. STAT. §38.10, AND FLA. R. JUD. ADMIN. RULE 2.330(c)

As counsel for Plaintiffs, I hereby certify that Plaintiffs' Declaration, executed by Joseph Vazquez III, individually and on behalf of the Plaintiff entities, as well as the statements contained therein, and their application or motion for recusal or disqualification of Judge Cecilia M. Altonaga, as set forth above, are made in good faith based upon the facts and information contained therein.

**SANCHEZ-MEDINA, GONZÁLEZ, QUESADA,
LAGE, GOMEZ & MACHADO LLP**
Attorneys for Plaintiffs

By: /s/ Peter A. Gonzalez
PETER A. GONZALEZ, ESQ.
Florida Bar No. 036919

### CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)

Plaintiffs' counsel hereby certifies that he has conferred with counsel for the Defendants including Brian Toth, Esq., in compliance with S.D. Fla. L.R. 7.1(a)(3), who has advised that the Defendants oppose the relief sought by this motion.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2020, undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and certify that the foregoing document is being served on this day on the counsel of record identified on the attached Service List via email or via transmission of Notices of Electronic Filing generated by the CM/ECF.

**SERVICE LIST**

| | |
|---|---|
| **Brian W. Toth, Esq.** | **John Goldmark, Esq.** (admitted *pro hac vice*) |
| **Freddy Funes, Esq.** | **Lauren Rainwater, Esq.** (admitted *pro hac vice*) |
| **Gelber Schachter & Greenberg, P.A.** | **Davis White Tremaine LLP** |
| 1221 Brickell Avenue, Suite 2010 | 920 Fifth Avenue, Suite 3300 |
| Miami, Florida 33131 | Seattle, Washington 98104-1610 |
| T: (305) 728-0950 | T: (206) 622-3150 |
| efilings@gsgpa.com | JohnGoldmark@DWT.com |
| btoth@gsgpa.com | LaurenRainwater@DWT.com |
| ffunes@gsgpa.com | *Counsel for Defendants, Tilray, Inc.* |
| *Counsel for Defendants, Tilray, Inc. and Privateer Holdings, Inc.* | *and Privateer Holdings, Inc.* |
| | |
| **Paul J. Battista, Esq.** | **Thomas M. Geher, Esq.** (admitted *pro hac vice*) |
| **W. Barry Blum, Esq.** | **Jeffer Mangels Butler & Mitchell LLP** |
| **Genovese Joblove & Battista, P.A.** | 1900 Avenue of the Stars, 7th Floor |
| 100 se 2nd Street, 44th Floor | Los Angeles, California 90067 |
| Miami, Florida 33131 | T: (310) 203-8080 |
| T: (305) 349-2300 | TGeher@JMBM.com |
| PBattista@gjb-law.com | *Co-Counsel for Defendants, Left Coast Ventures, Inc., Eko Holdings LLC and Brett Cummings* |
| BBlum@gjb-law.com | |
| *Co-Counsel for Defendants, Left Coast Ventures, Inc., Eko Holdings LLC and Brett Cummings* | |

**SERVICE LIST (Via U.S. Mail Only)**

| | |
|---|---|
| Hugo Saavedra | Equitable Transitions, Inc. |
| 10543 Andasol Avenue | c/o David Richard Haberbush |
| Granada Hills, CA 91344 | 444 E. Ocean Blvd., Ste. 400 |
| | Long Beach, CA 90802 |
| Debra Saavedra | |
| 10543 Andasol Avenue | |
| Granada Hills, CA 91344 | |

**SANCHEZ-MEDINA, GONZÁLEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Attorneys for Plaintiffs
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Tel: 305.377.1000
Primary:          PGonzalez@SMGQLAW
Secondary:     JKellner@SMGQLAW
                        DMartinez@SMGQLAW.com
                        JGomez@SMGQLAW.com

By:  /s/ Peter A. Gonzalez
PETER A. GONZALEZ, ESQ.
Florida Bar No. 036919