**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 19-cv-25019-SINGHAL/McAliley**

INFINITY GLOBAL CONSULTING GROUP,
INC., a Florida corporation, JOSEPH VAZQUEZ
III, an individual, and JOSEPH M. VAZQUEZ III,
derivatively, as a shareholder, and on behalf of
TRIMAX Corporation, a Nevada corporation,

     Plaintiffs,

v.

TILRAY, INC., a Delaware corporation,
PRIVATEER HOLDINGS, INC., a Delaware
corporation, LEFT COAST VENTURES, INC., a
Delaware corporation, EKO HOLDINGS, LLC, a
California limited liability company, BRETT
CUMMINGS, an individual, HUGO SAAVEDRA,
an individual, DEBRA SAAVEDRA, an
individual, and EQUITABLE TRANSITIONS
INC., a California corporation,

     Defendants.
_____/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING**
**MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **February 16, 2021, at 9:00 a.m.** Calendar call will be held at **10:00 a.m. on Friday, February 12, 2021**. *No pre-trial conference will be held* unless a party requests one at a later date **and** the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida**.

The parties shall adhere to the following schedule:

| | |
|---|---|
| **02/18/2020** | Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The parties are reminded that pursuant to S.D. Fla. L.R. 26.1(b), initial disclosures shall not be filed with the Court unless an exception noted in the Local Rules applies. |
| **02/18/2020** | The parties shall select a mediator pursuant to Local Rule 16.2, shall **schedule a time, date, and place for mediation**, and shall jointly **file a notice, and proposed order scheduling mediation** via CM/ECF in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **three (3) days** of mediation, the parties are required to file a mediation report with the Court. Pursuant to the procedures outlined in the CM/ECF Administrative Procedures, **the proposed order is also to be emailed to** singhal@flsd.uscourts.gov. **in Word format.** |
| **03/09/2020** | All motions to amend pleadings or join parties are filed. |
| **09/18/2020** | Parties disclose experts and exchange expert witness summaries or reports. |
| **10/08/2020** | Parties exchange rebuttal expert witness summaries or reports. |
| **10/22/2020** | All discovery, including expert discovery, is completed. |
| **10/29/2020** | Parties must have completed mediation and filed a mediation report. |
| **11/06/2020** | All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all <u>dispositive motions</u>.** |
| **02/05/2021** | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. |

**<u>Motions *in Limine*</u>.** Each party is limited to filing one motion *in limine*. If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may seek leave to exceed the page limit. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification**.

***Daubert* Motions**. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may seek leave to exceed the page limit. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**Summary Judgment Motions**. The parties are reminded that strict compliance with Local Rule 56.1 is mandated. Pursuant to Local Rule 56.1(a)(2), a statement of material facts must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. Local Rule 56.1(b).  In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court orders the parties to file any statements of material facts as follows:

1. The moving party shall file a statement of material facts as a separate filing from a motion for summary judgment.
2. Each material fact in the statement that requires evidentiary support shall be set forth in an individually numbered paragraph and supported by a specific citation. This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s). When a material fact requires evidentiary support, **a general citation to an exhibit, without a page number or pincite, is not permitted**.

3. Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts must be filed on the docket. Exhibits which have already been filed on the docket *need not be refiled.* If a deposition transcript is referenced, a complete copy must be filed **which includes all exhibits.** Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

4. The responding party may file an opposing statement of material facts which responds to the moving party's statement of material facts. A responding party's opposing statement of material facts must specifically respond to each statement in the movant's statement by setting forth each of the individually numbered paragraphs contained in the movant's statement and after each paragraph, detail respondent's response or opposition. By way of example:

<u>Movant's Statement of Material Facts</u>

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.

2. John Smith owns Blackacre. Exhibit B ¶ 12.

<u>Respondent's Opposing Statement of Material Facts</u>

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.
*Admitted that Blackacre is located at 123 Main Street. Exhibit A ¶ 1. Denied that the property is vacant. Exhibit C at 5.*

2. John Smith owns Blackacre.  Exhibit B ¶ 12.
*Denied as phrased. Admitted that the last recorded deed to Blackacre names John Smith. Exhibit B ¶ 12.*

5. Each exhibit referenced in the response to the motion for summary judgment and/or in the opposing statement of material facts must be filed on the docket. Exhibits which have already been filed on the docket *need not be refiled.* If a deposition transcript is relied upon, a complete copy must be filed **which includes all exhibits.** Within twenty-four (24) hours of filing a response to the motion for summary judgment, the responding party shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

6. In the event that cross motions for summary judgment are filed, the Court may order the parties to submit a consolidated statement of material facts and responses as appropriate. If cross motions are anticipated, the parties may jointly move for an order to file consolidated statements prior to filing the motions for summary judgment.

**Jury Instructions and Verdict Form (if applicable)**. The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to singhal@flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to **Magistrate Judge Chris M. McAliley.** Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Chris M. McAliley. **The deadline for submitting consent is November 6, 2020.**

**Discovery**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Stipulations that would so interfere may be made only with the Court's approval.  See Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of depositions with the Court. The parties must make every effort to resolve discovery disputes without requiring Court intervention. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes.** Magistrate Judge Chris M. McAliley holds a regular discovery calendar.  Please refer to the Discovery Procedures for Magistrate Judge Chris McAliley (Attachment A).

**Civility and Professionalism.** Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida. Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and

that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

To that end, the Court advises the parties that <u>strict compliance</u> with the requirements of Local Rule 7.1(a)(3) is expected. In addition, if a motion for extension of time is opposed, this Court requires that the certificate of conferral state briefly the reason(s) for opposing counsel's objection to the requested extension.

The parties are further advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of January 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF

## **ATTACHMENT A**

## **DISCOVERY PROCEDURES FOR**
## **MAGISTRATE JUDGE CHRIS MCALILEY**

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** seeking court intervention.

Magistrate Judge McAliley will hold a discovery calendar every Wednesday morning at 9:30 a.m. at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Sixth Floor, Miami, Florida, at which time she will address any disputes that were noticed no later than the previous Friday, consistent with the requirements set forth in the following paragraph.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a notice that briefly sets forth the nature of the dispute, without argument, and sets the matter on the discovery calendar for the following week. The movant shall include a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (a)(3). If written discovery requests are in dispute, the moving party shall set forth in the notice each disputed request with the corresponding response immediately thereafter. The parties shall not file discovery motions unless the Court so orders.

These procedures do not relieve parties from the requirements of the Federal Rules of Civil Procedure or Local Rules of this Court except as noted above.

The parties shall immediately notify chambers, at (305) 523-5890, in advance of the hearing, if they resolve some or all of the issues in dispute.

The Court will not consider any discovery dispute that does not comply with these procedures. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.