UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-CV-25019-SINGHAL/McAliley

INFINITY GLOBAL CONSULTING GROUP,
INC., JOSEPH M. VAZQUEZ III, individually, and
JOSEPH M. VAZQUEZ III, derivatively, as a
shareholder, and on behalf of, TRIMAX Corporation,

    *Plaintiffs,*

vs.

TILRAY INC., PRIVATEER HOLDINGS INC.,
LEFT COAST VENTURES, INC.,
EKO HOLDINGS LLC,
BRETT CUMMINGS,
HUGO SAAVEDRA,
DEBRA SAAVEDRA, and
EQUITABLE TRANSITIONS INC.,
    *Defendants.*
_____/

**MOTION TO AMEND PLAINTIFFS' COMPLAINT AND
JOIN PRIVATEER EVOLUTION, LLC AS ADDITIONAL DEFENDANT**

    Plaintiffs, INFINITY GLOBAL CONSULTING GROUP, INC., JOSEPH M. VAZQUEZ, III, individually, and JOSEPH M. VAZQUEZ III, derivatively, as a shareholder on behalf of TRIMAX Corporation (collectively, the "Plaintiffs"), by and through undersigned counsel, pursuant to Local Rule 7.1, and Rule 15 of the Federal Rules of Civil Procedure, hereby moves this Court for leave to amend their Verified Complaint (the "Complaint"), and join as an additional defendant, PRIVATEER EVOLUTION, LLC ("Privateer Evolution"), and in support thereof state:

**Introduction**

    1.    This matter arises from a sophisticated scheme to fraudulently remove all the assets of a public company, Trimax Corporation, perpetrated by defendant PRIVATEER HOLDINGS, INC. ("Privateer"), its affiliates and the other parties named as defendants herein:

TILRAY, INC. ("Tilray"), LEFT COAST VENTURES, INC. ("Left Coast"), EKO HOLDINGS LLC ("Eko"), BRETT CUMMINGS ("Cummings"), HUGO SAAVEDRA ("Hugo"), DEBRA SAAVEDRA ("Debra" or collectively with Hugo, the "Saavedras"), and EQUITABLE TRANSITIONS INC. ("Equitable Transitions" or collectively with Privateer, Tilray, Eko, Cummings, and the Saavedras, the "Defendants").

2. Plaintiffs filed their original Complaint against the Defendants on December 2, 2019 in the Eleventh Judicial Circuit Court of Miami-Dade County (Case No. 19-035277) (the "State Court Case") alleging eight (8) causes of action for: (i) injunctive relief; (ii) breach of fiduciary duty against defendants Hugo and Debra Saavedra; (iii) recovery of a fraudulent conveyance; (iv) conversion; (v) breach of fiduciary duty against defendant Equitable Transitions, Inc.; (vi) intentional interference with contractual relations; (vii) negligent interference with prospective economic relations and (viii) aiding and abetting. On December 4, 2019, Plaintiffs also filed their Verified Emergency Motion for Temporary Injunction in the State Court Case seeking to stop on an emergency basis the proposed merger between defendants Tilray and Privateer.

3. On December 5, 2019, defendants TILRAY, INC. and Privateer filed their Notice of Removal [DE 1] whereby the defendants Privateer and Tilray joined by additional defendants, Left Coast, Eko and Cummings, consented to the removal of the Complaint to this Court.

4. As of February 25, 2020, all of the Defendants were served with process. None of the Defendants have filed a response to the original Complaint.

5. As pursuant to the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation and Referring Certain Matters to Magistrate Judge dated January 31, 2020 [DE 36] (the "Trial Order") the deadline for all motions to amend pleadings or join parties was March 9,

2020, Plaintiffs filed an enlargement of time [DE 50], which this Court granted on March 10, 2020 [DE 51], providing the Plaintiffs an extension until March 23, 2020 to amend their pleadings. On March 24, 2020, the Court granted Plaintiffs' unopposed amended motion for enlargement of time to amend their pleadings or join parties [DE 52], providing the Plaintiffs until March 30, 2020 to file their motion to amend pleadings and add parties. [DE 53].

### Additional Facts Requiring Amendment of Pleadings

6. After the Complaint was filed and upon further investigation and discovery, Plaintiffs have discovered additional facts that require amending the Complaint in order to plead additional facts and theories of liability based on such facts, as well as add Privateer Evolution as a party to such proposed amended pleading (the "Amended Complaint"). A copy of Plaintiffs' proposed Amended Complaint is attached hereto as **Exhibit A**.

7. Complaint Count I seeks emergency injunctive relief in order to stop an impending merger between Tilray and Privateer; such count needs to be amended because when the Complaint was filed the merger had not yet been completed, which it now has been despite being aware of this lawsuit prior to the completion of the merger. The Complaint requires amendment in order to plead additional facts including:

> a. Defendants Privateer, Privateer Evolution and Tilray entered into a merger agreement on or about December 6, 2019, pursuant to which Privateer subsequently merged with and into Down River Sub, LLC. A copy of said merger agreement is attached as **Exhibit N** to Plaintiffs' proposed Amended Complaint (the "Merger Agreement"). At the time of the merger, Privateer owned approximately 75% of the stock of Tilray valued at approximately $1.5 billion. The stated reason for the merger was to effect the orderly release into the stock market of the 75 million shares of Tilray common stock owned by Privateer.
>
> b. Under the terms of the Merger Agreement, Privateer was to exchange its $1.5 billion worth of shares in Tilray for newly issued and registered shares of Tilray common stock in an

3

aggregate amount equal to the number of Tilray common shares held by Privateer. The newly issued shares of Tilray would be issued to Privateer's shareholders, not to Privateer directly.

  c. All Tilray shares previously held by Privateer and all outstanding Privateer stock was cancelled following consummation of the merger.

  d. As a result of the merger, Privateer was merged out of existence as it merged with and into Tilray's wholly owned subsidiary, Down River Sub on December 12, 2019. Insofar as Down River Sub went out of existence pursuant to the merger with Privateer Evolution, Privateer Evolution assumed, by operation of law, all the liabilities of Down River Sub, including all those liabilities of Privateer arising from the actions complained of in this Verified Complaint. Significantly, however, upon information and belief, Down River Sub had not assets to speak of, and Privateer Evolution has no assets to speak of, and never had any assets. Both Down River Sub and Privateer Evolution were formed solely for purposes of carrying out the aforementioned mergers.

  e. Consequently, Privateer went from an entity which had over $1.5 billion in assets to being merged into an entity which had absolutely no assets to speak of. Then, Down River Sub merged with and into another entity which has no assets to speak of. Thus, at all times material hereto, both Down River Sub and Privateer Evolution were nothing more than judgment proof "shell entities" formed so that Tilray could avoid liability for Privateer's obligations and liabilities, which Tilray, itself, would have had, if it had merged directly with Privateer.

  f. Significantly, at the time of the aforementioned mergers, Tilray knew of this lawsuit and the claims of Plaintiffs against Privateer in which Plaintiffs sought damages in excess of $150 million. Nevertheless, it knowingly and intentionally formed Down River Sub, caused Privateer to exchange its Tilray shares for other shares of Tilray, which it knew were immediately going to be distributed to Privateer's shareholders following the merger, leaving Down River Sub with no assets whatsoever, and only liabilities, specifically including the liabilities arising from Plaintiffs' claims in this lawsuit. Then, to attempt to further insulate itself from liability, it immediately caused Down River Sub to merger with and into Privateer Evolution. Accordingly, rather than merging Privateer directly into Tilray, it established Down River Sub and Privateer Evolution and used them as mere

  instrumentalities and alter egos to avoid Privateer's known and substantial liabilities.

  g. Tilray actions in forming Down River Sub and Privateer Evolution to engage in the referenced mergers resulted in stripping Privateer of $1.5 billion in assets (i.e., Tilray shares) to further its own stated interest which was to secure lock up agreements from Privateer's shareholders to prevent the dumping of its shares in the open market.

  h. Tilray's conduct in transferring *only* liabilities to "shell entities" and removing $1.5 billion in assets from Privateer in the mergers were clearly improper under the law. It had the intended effect of perpetuating a fraud on Plaintiffs, a known material creditor of Privateer, at the time of the mergers.

Plaintiffs seek to amend their Complaint to add these factual allegations that occurred after the filing of the Complaint, add an alter ego claim in their amended pleading, and add as a defendant, PRIVATEER EVOLUTION, LLC. A copy of Plaintiffs' proposed Amended Complaint is attached hereto as **Exhibit A**.

## Memorandum of Law

8. Rule 15 of the Federal Rules of Civil Procedure provides in relevant part:

 (a) **Amendments Before Trial.**

 (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

  (A) 21 days after serving it, or

  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

 (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

9. Pursuant to Rule 15(a), leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason- such as

5

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962); *McKinley v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999); *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1270 (11th Cir. 2006). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Pioneer Metals, Inc. v. Univar USA, Inc.,* 168 Fed.Appx. 335, 336-337 (11th Cir. 2006) (internal citations omitted). *See also El Toro Exterminator of Florida, Inc. v. Cernada,* 953 So.2d 616, 618 (Fla. 3d DCA 2007) ("Leave to amend shall be freely given, particularly where the amendment is based upon the same conduct, transaction and occurrence which is the basis of the plaintiff's original pleading." *Citing Florida E. Coast Ry. Co. v. Shulman,* 481 So.2d 965, 967 (Fla. 3d DCA 1986)); Fla. R. Civ. P. 1.190(a) (leave to amend pleadings "shall be given freely when justice so requires"). The trial court has the discretion to grant leave to amend a pleading, and any doubts should be resolved in favor of the amendment. *Overnight Success Const., Inc. v. Pavarini Const. Co., Inc.* 955 So.2d 658, 659 (Fla. 3d DCA 2007).

10.   There is no undue delay with Plaintiffs' request to amend their Complaint. The request to amend is being made at the infancy of this litigation, before any of the Defendants have filed a response to Plaintiffs' pleadings, and well before the close of discovery providing the parties adequate time to conduct discovery and advance (or defend) the amended pleadings at trial. There is also no "bad faith or dilatory motive on the part of the movant." The substance of the amendment is to add factual allegations that occurred since the filing of the Complaint, as well as to add as a party Privateer Evolution based on new or additional facts, an additional

theory of liability, alter ego, as a result of such additional facts that took place after the Complaint was filed.  Thus, the amendment sought by this motion seeks to eliminate one claim that became moot, and expand upon and add facts to Plaintiffs' existing claims pled in their Complaint, and add the alter ego claim.

11.     Defendants have not answered or otherwise responded to the Complaint. Defendants have not propounded any discovery. Thus, Defendants cannot claim prejudice or undue delay when they have not responded to the Complaint nor taken any depositions or propounded any written discovery.

12.     This is the Plaintiffs first motion seeking leave to amend its Complaint, necessitated by the additional facts contained in the Amended Complaint attached hereto as **Exhibit A**.

13.     The proposed amendment is not futile as this amendment is necessary to update the factual record regarding matters that have taken place since the filing of the Complaint, and to add a theory of liability based on such new facts made necessary because of the actions of the Defendants and Privateer Evolution. Based on the facts and legal authority cited herein, Plaintiffs respectfully request that this Court grant leave to amend their Complaint to include the additional allegations and causes of actions identified herein, as well as add as a party Privateer Evolution.

WHEREFORE, the Plaintiffs respectfully request that this Court grant this motion and enter an order granting Plaintiffs leave to file their amended complaint pleading additional factual allegations and legal theories of liability, as well as add as a party (defendant) PRIVATEER EVOLUTION, LLC, and grant the Plaintiffs any further relief this Court deems just and proper in their favor.

**CERTIFICATE OF CONFERENCE PURSUANT TO S.D. FLA. L.R. 7.1(a)(3)**

Plaintiffs' counsel hereby certifies that he attempted to confer with Defendants' attorneys in writing in compliance with S.D. Fla. L.R. 7.1(a)(3) on March 30, 2020, but due to time constraints this motion is being filed without learning the Defendants' position on the relief sought by this first motion seeking to amend the complaint and join parties. The Defendants have previously indicated that they would stipulate to a draft amended complaint similar to the one attached as Exhibit A to this motion, but have not yet confirmed whether the final version attached hereto is agreeable or met without opposition. We expect to learn the Defendants' position by Tuesday, March 31, 2020.

Respectfully submitted,

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
Attorneys for Plaintiffs
201 Alhambra Circle, Suite 1205
Coral Gables, Florida 33134
Tel: 305.377.1000
PGonzalez@smgqlaw.com
JKellner@smgqlaw.com
DMartinez@smgqlaw.com
JGomez@smgqlaw.com

By:  /s/ Peter A. Gonzalez
PETER A. GONZALEZ
Florida Bar No. 036919
JAMES C. KELLNER
Florida Bar No. 021038
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March, 2020, undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served on this day on the counsel of record identified on the attached Service List via email or via transmission of Notices of Electronic Filing generated by the CM/ECF.

**Brian W. Toth, Esq.**
**Freddy Funes, Esq.**
**Gelber Schachter & Greenberg, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
T: (305) 728-0950
efilings@gsgpa.com
btoth@gsgpa.com
ffunes@gsgpa.com
*Counsel for Defendants Tilray, Inc. and Privateer Holdings, Inc.*

**John Goldmark, Esq.**
**Lauren Rainwater, Esq.**
**Davis White Tremaine LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
T: (206) 622-3150
JohnGoldmark@DWT.com
LaurenRainwater@DWT.com
*Counsel for Defendants Tilray, Inc. and Privateer Holdings, Inc.*

**Paul J. Battista, Esq.**
**W. Barry Blum, Esq.**
**Genovese Joblove & Battista, P.A.**
100 S.E. 2nd Street, 44th Floor
Miami, Florida 33131
T: (305) 349-2300
PBattista@gjb-law.com
BBlum@gjb-law.com
*Counsel for Defendants Left Coast Ventures, Inc., Eko Holdings LLC and Brett Cummings*

**Thomas M. Geher, Esq.**
**Jeffer Mangels Butler & Mitchell**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
T: (310) 712-6820
TGeher@JMBM.com
*Counsel for Defendants Left Coast Ventures, Inc., Eko Holdings LLC and Brett Cummings*

**SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**

By: /s/ Peter A. Gonzalez
PETER A. GONZALEZ