# EXHIBIT K

## SECURED PROMISSORY NOTE

$78,000.00                                                                                      December 22, 2018

FOR VALUE RECEIVED, the undersigned, Saavy Naturals, Inc., a Nevada corporation, 8943 Oso Avenue, Suite C, Chatsworth, California 91311 ("Borrower") promises to pay to the order of Eko Holdings, LLC, a California limited liability company ("Lender"), at 975 Corporate Center Parkway, Suite 120, Santa Rosa, California 95407, or such other place as may be designated in writing by Lender, the principal sum of Seventy-Eight Thousand Dollars ($78,000.00) together with accrued interest at a rate of Five and One-Half Percent (5.50 %) per annum as provided herein. All sums owing hereunder (collectively, the "Debt") are payable in lawful money of the United States of America, in immediately available funds.

1. Payment Schedule. Borrower on demand, or if no demand is made, on December 31, 2018, shall make the following payments to the order of Lender: one payment in the sum of all principal and interest due hereunder. Interest shall not begin to accrue until January 1, 2019.

2. No Prepayment Restrictions. Borrower may prepay this Note at any time.

3. Event of Default. The failure by Borrower to make any payment when due shall constitute a default under this Note (an "Event of Default").

4. Default Rate. Upon the occurrence of an Event of Default, at the election of Lender, the entire unpaid principal sum, together with all accrued interest thereon and any other sum payable under the Loan Documents, shall immediately become due and payable, with interest thereon at the lesser of ten percent (10.0%) per annum or the highest rate not prohibited by applicable law from the date of such accelerated maturity until paid (both before and after any judgment) (the "Default Rate"). This charge shall be part of the debt due, and shall be deemed secured by the Security Agreement. This clause, however, shall not be construed as an agreement or privilege to extend the date of the payment of the debt, nor as a waiver of any other right or remedy available to Lender by reason of the occurrence of any Event of Default.

5. Amendments. This Note contains or expressly incorporates by reference the entire agreement of the parties with respect to the matters contemplated therein and supersede all prior negotiations or agreements, written or oral. This Note shall not be modified except by written instrument executed by all parties. Any reference to this Note includes any amendments, renewals or extensions now or hereafter approved by Lender in writing.

6. Costs and Expenses. If any attorney is engaged by Lender to enforce or defend any provision of this Note with or without the filing of any legal action or proceeding, then Borrower shall pay to Lender immediately upon demand all attorneys' fees and all costs incurred by Lender in connection therewith, together with interest thereon from the date of such demand until paid at the rate of interest applicable to the principal balance owing hereunder as if such unpaid attorneys' fees and costs had been added to the principal.

7. **Waivers.** No previous waiver and no failure or delay by Lender in acting with respect to the terms of this Note shall constitute a waiver of any breach, default, or failure of condition under this Note. A waiver of any term of this Note must be made in writing by all parties and shall be limited to the express written terms of such waiver. In the event of any inconsistencies between the terms of this Note and the terms of any other document related to the loan evidenced by this Note, the terms of this Note shall prevail.

8. **Time.** Time is of the essence with respect to every provision hereof.

9. **Governing Law.** This Note shall be construed and enforced in accordance with the laws of the State of California, except to the extent that federal laws preempt the laws of the State of California.

10. **Consent to Jurisdiction.** BORROWER HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF CALIFORNIA, AND IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE SHALL BE LITIGATED IN SUCH COURTS. THE BORROWER EXPRESSLY SUBMITS AND CONSENTS TO THE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS. THE BORROWER HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE UPON THE BORROWER BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, ADDRESSED TO THE BORROWER AT THE ADDRESS SET FORTH IN THIS NOTE AND SERVICE SO MADE SHALL BE COMPLETE TEN (10) DAYS AFTER THE SAME HAS BEEN POSTED.

11. **Notice.** All notices or other communications required or permitted to be given pursuant to this Note shall be given to the Borrower or Lender at their respective addresses set forth above:

12. **Security.** This Note is secured by the Security Agreement of even date herewith.

13. **Execution of Further Documents.** For so long as Borrower remains indebted to Lender in any amount whatsoever, Borrower shall execute such agreements, documents or instruments in respect of the security for the Note as Lender may at any time reasonably request, all in form and substance satisfactory to Lender in its sole discretion.

14. **Successors and Assigns.** All rights of Lender hereunder inure to the benefit of its successors and assigns and shall be valid and fully enforceable against Borrower and its successors. Unless otherwise expressly provided for herein, Borrower shall not assign any of its obligations under the Note or in any part of the security without the prior written consent of Lender.

15. **Attorneys' Fees and Costs.** In the event that an action is commenced to enforce this Note, the prevailing party shall be entitled to recover the reasonable attorneys' fees and costs incurred therein.

[Signatures follow on next page]

2

IN WITNESS WHEREOF, Borrower has duly executed and delivered this Secured Promissory Note the day and year first above written.

**BORROWER:**

SAAVY NATURALS, INC. a Nevada corporation

By: _____
Hugo Saavedra
President

By: _____
Debra Saavedra
Title: _____

3

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (the "Security Agreement") is entered into as of December 22, 2018, by and between SAAVY NATURALS, INC., a Nevada corporation (the "Debtor"), 8943 Oso Avenue, Suite C, Chatsworth, CA 91311 and EKO HOLDINGS, LLC, a California limited liability company (the "Secured Party"); and by and among Secured Party, Hugo Saavedra, an individual, and Debra Saavedra, an individual, with respect Section 9 herein.

## RECITALS

WHEREAS, the Debtor is indebted to Secured Party pursuant to the terms of that certain Secured Promissory Note of even date herewith (the "Note"); and

WHEREAS, the Secured Party has required, and the Debtor has agreed, to execute and deliver this Security Agreement to secure the prompt and complete payment, observance and performance of all the Secured Obligations (as defined below).

## AGREEMENT

NOW, THEREFORE, in consideration of the premises, covenants and agreements set forth below, and the mutual benefits to be derived from this Security Agreement, and other good and valuable consideration, the parties hereto agree as follows:

1. Grant of Security Interest. To secure the "Secured Obligations" (as defined herein), the Debtor hereby transfers, conveys, assigns, and grants to the Secured Party a security interest in its assets, whether now owned, or hereafter acquired, whether now existing, or hereafter arising, and wherever located, including any and all assets that are or may be subject to an Assignment for the Benefit of Creditors made by the Debtor, as described more particularly in Exhibit A Collateral Description attached hereto and incorporated herein (the "Collateral"). The Secured Party shall be authorized to file financing statements under the Uniform Commercial Code.

2. Obligations Secured. The security interest granted hereby is given as security for the Debtor's obligations under the Note (collectively, the "Secured Obligations").

3. Continuing Security Interest. This Security Agreement shall create a valid and continuing security interest in and to the Collateral, and shall (i) remain in full force and effect until all of the Debtor's obligations under the Note been performed in full in accordance with the terms of the Note; (ii) be binding upon the Debtor, its successors and assigns; and (iii) inure to the benefit of the Secured Party and its successors and assigns. The security interest granted herein is irrevocable and shall remain in full force and effect until the Debtor performs all of its obligations under the Note or the security interest is released in writing by Secured Party.

4. Termination of Security Interest. Upon the performance of all of the Debtor's obligations under the Note, the security interest granted hereby shall automatically terminate. Upon any such termination, the parties shall execute and deliver such documents as reasonably necessary to evidence such termination and to effect the release of the Collateral; provided, however, the obligations of Debtor and its principals, Hugo Saavedra and Debra Saavedra, for

SECURITY AGREEMENT

63235429v4

further assurances and cooperation following the termination of the security interest shall survive the termination of the security interest and shall continue for a reasonable period thereafter.

5. <u>Event of Default</u>. The Debtor's failure to pay the Note when due or to perform any of its obligations under this Security Agreement shall constitute a default under this Security Agreement (an "<u>Event of Default</u>").

6. <u>Secured Party's Rights and Remedies Upon Event of Default</u>. Upon the occurrence of an Event of Default, Secured Party, at its option, may exercise any and all of the rights and remedies of a secured party under the Uniform Commercial Code, as enacted in Nevada (the "Commercial Code"). Secured Party shall have all the rights and remedies of a secured party under the Commercial Code and in any jurisdiction where enforcement is sought, whether in said state or elsewhere. All rights, powers and remedies of Secured Party hereunder shall be cumulative and not alternative. No delay on the part of Secured Party in the exercise of any right or remedy shall constitute a waiver thereof and no exercise by Secured Party of any right or remedy shall preclude the exercise of any other right or remedy or further exercise of the same remedy.

7. <u>Waiver of Requirement to Pursue Other Remedies</u>. The Debtor waives all right to require Secured Party to (a) proceed against any other person or entity; (b) apply any Collateral Secured Party may hold at any time; or (c) pursue any other remedy.

8. <u>Successors and Assigns</u>. This Security Agreement shall inure to the benefit of and bind Secured Party, its successors and assigns and the Debtor, its successors and assigns. Upon transfer by Secured Party of any part of the obligations secured hereby, Secured Party shall be fully discharged from any liability with respect to Collateral transferred therewith.

9. <u>Execution of Further Documents; Cooperation</u>. Borrower shall cause its principals, Hugo Saavedra and Debra Saavedra, to cooperate in the transfer of the Collateral to Secured Party and to execute such agreements, documents or instruments in the name of Borrower or otherwise, as may be the case, in respect of the Collateral as Secured Party may at any time reasonably request, all in form and substance satisfactory to Secured Party in its sole discretion.

10. <u>Interpretation</u>. Whenever possible, each provision of this Security Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but, if any provision of this Security Agreement shall be prohibited or invalid under applicable law, such provisions shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such or the remaining provisions of this Security Agreement.

11. <u>Entire Agreement</u>. This Security Agreement and the Note constitute the entire and final agreement and understanding among the parties with respect to the subject matter hereof and the transactions contemplated hereby, and supersedes any and all prior oral or written agreements, statements, representations, warranties or understandings by any party, all of which are merged herein and superseded hereby.

12. <u>Governing Law</u>. This Security Agreement shall be construed in accordance with the laws of the State of California, without reference to conflict of laws principles.

2

SECURITY AGREEMENT

13. **Notices**. All notices required or permitted hereunder shall be in writing and shall be sufficient if personally delivered or sent by mail, facsimile or Federal Express (or other reputable delivery or courier service). Any notices shall be deemed given when received at the address or fax number set forth below, unless such address or fax number is changed by notice to the other party hereto.

**IN WITNESS WHEREOF**, the parties hereto have caused this Security Agreement to be duly executed and delivered as of the date first above written.

**DEBTOR:**

SAAVY NATURALS, INC., a Nevada corporation

By: _____
Name: Hugo Saavedra
Title: President

By: _____
Name: Debra Saavedra
Title: _____

**SECURED PARTY:**

EKO HOLDINGS LLC, a California limited liability company

By: _____
Name: Brett Cummings, Manager

**CONSENT AND AGREEMENT:**

We hereby consent to the terms of this Security Agreement and agree to perform the obligations set forth in Section 9 herein.

_____
Hugo Saavedra

_____
Debra Saavedra

3

SECURITY AGREEMENT

63235429v4

## Exhibit A
### Collateral Description

Any and all of Debtor's accounts, cash, chattel paper, goods, deposit accounts, machinery, equipment, fixtures, furniture, payment intangibles, intellectual property and general intangibles, including all rights to the name "Saavy Naturals", all rights to trademarks owned or used by Debtor, all raw materials, all finished goods that are not held in inventory, any and all licenses and rights to use and exploit photographs and writings, whether any of the foregoing is owned now or acquired later; know how; all accessions, additions, replacements, and substitutions relating to any of the foregoing; any and all books and records of any kind relating to any of the foregoing, including all electronic records of Debtor and the computers, servers or other machinery on which such records are kept; any and all products and proceeds of any of the foregoing, including insurance proceeds, general intangibles, products, and proceeds from accounts.